**Billy F. STEPHENS, Plaintiff–Appellant,**

v.

**R. James NICHOLSON, Secretary of Veterans Affairs, and Board of Veterans' Appeals, Defendants–Appellees.**

No. 05–1606.

United States Court of Appeals, Federal Circuit.

Dec. 16, 2005.

Billy F. Stephens, pro se.

Before MICHEL, Chief Judge,
NEWMAN and BRYSON, Circuit Judges.

## ON MOTION

PER CURIAM.

### ORDER

The Secretary of Veterans Affairs et al. (Secretary) move to waive the requirements of Fed. Cir. R. 27(f) and to dismiss. Billy F. Stephens opposes.

Stephens filed a complaint in the United States District Court for the District of Columbia alleging that the Secretary and Board of Veterans' Appeals had wrongfully reduced his disability benefits by the amount of his social security benefits. *Stephens v. Nicholson,* No. 04–CV–2279 (D.D.C. June 10, 2005). Stephens sought restoration of his full pension and punitive damages in the amount of $1,000,000. On June 10, 2005, the district court stated that it lacked jurisdiction over matters involving veterans' benefits except in limited circumstances not present in Stephens' case and dismissed. The district court denied Stephens' motion for reconsideration on July 21, 2005 and Stephens filed a notice of appeal on September 6, 2005.

As an initial matter, we note that Stephens' appeal is untimely with respect to the June 10 order dismissing his complaint. An appeal must be filed within 60 days of the date of entry of the order appealed from. *See* Fed. R.App. P. 4(a)(1)(B). Stephens' notice of appeal was filed 88 days after entry of the district court order dismissing his complaint and thus is untimely with respect to that order.* However, the appeal is timely with

respect to the July 21 order denying Stephens' motion for reconsideration.

The Secretary argues that Stephens' appeal involves matters outside of this court's jurisdiction pursuant to 28 U.S.C. §§ 1292 and 1295. We agree. This court's jurisdiction over appeals of district court decisions is limited primarily to cases involving patents and suits against the United States not exceeding $10,000. *See* 28 U.S.C. § 1295(a)(1), (2). Stephens' case is not within our jurisdiction.

The usual course when a notice of appeal is misdirected to this court is to transfer the appeal to the regional circuit, in this case the United States Court of Appeals for the District of Columbia Circuit, pursuant to 28 U.S.C. § 1631. However, section 1631 allows us to transfer an appeal only if transfer would be "in the interest of justice." We have determined that "[t]he phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States,* 834 F.2d 998, 1000–01 (Fed.Cir. 1987). As the district court informed Stephens, the proper avenue for obtaining review of veterans' benefits determinations is to appeal a Board of Veterans' Appeals decision to the Court of Veterans Claims. As such, we determine that transfer is not in the interest of justice and thus dismiss.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to waive the requirements of Rule 27(f) is granted.

(2) The motion to dismiss is granted.

---

* The time for filing a notice of appeal was not tolled pursuant to Fed. R.App. P. 4(a)(4) in this case because Stephens' motion for reconsideration was not filed within 10 days of the date of entry of the order dismissing his complaint. Thus, Stephens' motion for reconsideration is treated as a motion under Fed. R.Civ.P. 60(b).

(3) Each side shall bear its own costs.